UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-441-H

FRANKY VAUGHAN                                                                                        PLAINTIFF

V.

DILLARDS, INC., ET. AL.                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendants, Dillards, Inc., et. al. ("Defendants"), removed this slip-and-fall case to federal court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332, stating that the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff, Franky Vaughan ("Plaintiff") moved to remand, contending that removal was improper because Defendants failed to file his Notice of Removal within thirty (30) days of receiving Plaintiff's Complaint, as required by § 1446(b). While Defendants did not remove within thirty days of receiving the Complaint, they contend that removal was still timely under paragraph two of § 1446(b), which allows removal within thirty days of receiving any pleading "or other paper from which it may first be ascertained that the case" is removable. These circumstances present a close case. For the reasons set forth herein, the Court denies Plaintiff's motion to remand.

**I.**

On June 16, 2008, Plaintiff filed a civil action in Jefferson Circuit Court, asserting tort claims of recklessness, negligence, and/or gross negligence against Defendant resulting from a slip-and-fall incident at Defendants' store. The Complaint, as allowed, is bare bones. It alleged

Plaintiff "suffered painful bodily injuries" resulting from her fall. Plaintiff supported her claim by alleging that Defendant:

> (1) fail[ed] to follow saftey precautions, (2) fail[ed] to keep the premises free from obstructions and hazards, (3) fail[ed] to adequately train and/or supervise its employees, (4) fail[ed] to have the store properly staffed, and (5) fail[ed] to warn about the dangerous condition where Plaintiff fell.

(Compl. ¶ 8.) Plaintiff sought compensatory damages for "bodily injuries, physical and mental pain and suffering, mental anguish, lost wages[,] loss of enjoyment of life" and present and future medical expenses, punitive damages, and costs. (Compl. ¶ 10.) Prior to filing the complaint, Plaintiff had contacted Defendants regarding the claim. On August 9, 2007, Defendants sent Plaintiff a letter in which they acknowledged that Plaintiff informed them she may seek treatment with an orthopaedic doctor and that she missed work.

Pursuant to Kentucky Rule of Civil Procedure 8.01(2), Plaintiff did not specify an amount of unliquidated damages. Defendants did not learn of a specific amount until July 24, 2008 when Plaintiff filed her Answers to Interrogatories. Plaintiff clarified her physical injuries and her damages. From the answers Defendants learned that Plaintiff's injuries included a fractured humorous, labral tear, and injuries to her right knee, right elbow, and right ball of her hand. The answers also detailed the extent of Plaintiff's medical care. Plaintiff's answers provided a break down of incurred medical expenses and lost wages. On August 21, 2008, within thirty days of receiving Plaintiff's answers clarifying her injuries and damages, Defendants filed their notice of removal.

Plaintiff argues that Defendants' removal was untimely because it was filed more than thirty days after Defendants received the Complaint. Defendants contend that they were unable to remove earlier because the Complaint failed to provide adequate notice that the amount in

controversy exceeded the $75,000 required for diversity jurisdiction in federal court. They argue that the petition was proper because it was filed within thirty days of receiving the Answers to Interrogatories, the first time Defendant was apprised of the potential amount of Plaintiff's damages.

## II.

It is worth reviewing the general requirements for removal to federal court.

A defendant may remove a civil case brought in state court to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over actions between parties that are citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant must file a notice of removal within thirty days after receiving the initial pleading. 28 U.S.C. § 1446(b). However, if the action, as stated in the initial pleading, is not removable, the Defendant may remove within thirty days after receiving any paper "from which it may first be ascertained that the case" is removable. *Id.*

The defendant has the burden of proving the elements of diversity jurisdiction. *McCraw v. Lyons*, 863 F. Supp. 430, 432 (W.D. Ky. 1994) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n.28 (1979)). Generally, when the plaintiff alleges a specific amount in the complaint, that amount will suffice "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990)(citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Where the plaintiff is prevented from stating a specific amount of damages in the complaint, as in Kentucky, the defendant must prove that it is more likely than not that plaintiff's

claims meet the federal amount in controversy requirement. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The defendant's ability to make such proof is determined by whether the defendant could have ascertained from "a fair reading of the complaint or other papers filed" that the minimum jurisdictional amount existed. *McCraw*, 863 F. Supp. at 434. Once the plaintiff provides sufficient info from which a reasonable defendant could have thought it was removable, the defendant cannot sit idly by but must go ahead and remove. *See id.* But the defendant only has this obligation once it has a sufficient quantum of evidence to be on notice of the case's removability.

The question presented here is a one of timing: when were Defendants able to prove by a preponderance of the evidence that the case met the jurisdictional requirements? In *McCraw*, this Court acknowledged Defendant's quandary given Kentucky's rule. Plaintiff McCraw "alleged various tort claims and asked for damages to compensate for physical injury, medical expenses, mental suffering, and emotional distress as well as punitive damages and costs." *Id.* at 434. Those claims were based on allegations of "assault, battery, harassment, and outrageous conduct." *Id.* at 432. Based on that information, the defendant faced the difficult choice of either removing promptly and risking the plaintiff asserting damages less than the jurisdictional requirement to avoid removal or waiting and using discovery to ascertain the plaintiff's demand, which risked waiving the right to remove. *Id.* at 433. In *McCraw,* the defendant chose to wait, and removed only after receiving the plaintiff's answers. *Id.* This Court concluded that the *McCraw* "[d]efendant's actions . . . [ran] contrary to the letter of 28 U.S.C. § 1446(b) and to its policy rationale." *Id.* This was so because, in *McCraw* the "[d]efendant had sufficient proof to petition for removal," after receiving the amended complaint, because the defendant "could have

-4-

shown that if Plaintiff was successful in his multi-claim tort action, damages assessed for Plaintiff's medical expenses, mental and emotional suffering" and punitive damages would more likely than not exceed the jurisdictional requirement. *Id.* at 434-35.

### III.

The facts presented here are slightly different than those in *McGraw*. Although the Court concluded in *McCraw* that the defendant should have removed upon receiving the complaint, ultimately a continuum of cases exists. A line must be drawn somewhere because at some point a complaint and the surrounding circumstances present such limited information that a defendant could not be expected to know of the suit's removability. Here, Defendant had less information in the complaint which reasonably suggested federal jurisdiction. For the reasons that follow, this case seems to teeter on the other side of the line from *McCraw*.

Many similarities exist between *McCraw* and this case. Both presented tort claims for compensatory damages of physical and mental pain and suffering, as well as physical injuries. Both sought punitive damages, costs, and fees. Yet, this case, being a slip-and-fall injury from alleged negligence, presents, on its face, one of lesser magnitude than the assault and battery alleged in *McCraw*. The nature of the injuries and type of tort alleged gave Defendants almost no indication of the potential damages Plaintiff may have incurred. The Complaint also provided scant information to support its claim for punitive damages. Defendants knew only that Plaintiff suffered "painful bodily injuries." They had no idea of the extent or type of the injuries. Plaintiff had mentioned a possibility of going to an orthopaedic doctor in prior discussions with Defendants. Defendants also knew that Plaintiff had missed work due to the injury.

However, nothing in Defendants' possession before receiving the Answers to

Interrogatories indicated the seriousness of any medical condition or the number of days missed or Plaintiff's lost pay.  Thus, Defendants had no evidence or more specific allegations within the thirty days following receipt of the Complaint from which they might prove the federal diversity jurisdiction requirements.  Without that evidence, Defendants were left with mere speculation.  The Court cannot say that Defendants would have succeeded in removing the case prior to receiving the Answers to Interrogatories.

In determining that this Complaint fails to provide Defendants with the necessary information to remove within thirty days of receiving the Complaint the Court does not attempt to draw a huge distinction.  At some point, however, there is simply not enough information in the Complaint.  This is such a case.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

cc:     Counsel of Record