UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-441-H

FRANKY VAUGHAN                                                                                  PLAINTIFF

V.

DILLARD'S, INC., *et al.*                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

In this slip and fall case, Plaintiff alleges that she fell while shopping at a Dillard's department store in Louisville, Kentucky because of an artificial putting green set up as a display in the middle of the store's main aisle. At this time, Defendants move for summary judgment on the narrow ground that the putting green was an open and obvious hazard, thereby eliminating any duty on Defendants' part to remove or warn of the hazard. The Court has carefully considered the issues raised by the parties and addresses the legal argument below.

**I.**

For purposes of their motion, Defendants' accept the Plaintiff's version of the facts as true. Plaintiff entered the Dillard's department store in Jefferson Mall on July 16, 2007 with the intent of purchasing a pair of shoes. After entering the store, she proceeded down the main aisle toward the shoe department. In the center of that aisle, three round tables were set up with various merchandise displayed. Each table was covered in a large tablecloth that draped to the floor, thus preventing the view of what was on the floor on the other side of the tables. Unbeknownst to Plaintiff, a putting green was set up on the other side of the tables.[1] Plaintiff

---

[1] In essence, the putting green is a long strip of green astroturf with a slight slope at one end and a cup. The sloped end is surrounded on all edges with a short, plastic barrier. At its highest point, the putting green is no more

walked to the left of the tables and then proceeded back to the center of the aisle. While walking around the tables, Plaintiff made eye contact with two Dillard's employees and viewed the merchandise on display. Plaintiff was not looking at the floor and, as she rounded the tables, Plaintiff tripped over the putting green and fell to the floor. Plaintiff sustained injuries to her knees and arm as a result of the fall.

## II.

Under Kentucky law, a land owner is subject to liability to an invitee where

> (1) [the invitee] had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Bartlew v. Educational Training Systems, Inc.*, 134 S.W.3d 612, 616 (Ky. 2004). In other words, where the business premises are not reasonably safe because of some hazard on the property, the owner may be liable for his invitees' injuries caused by that hazard. However, "if the hazard is 'known or obvious to' the invitee, the owner has no duty to warn or protect the invitee against it." *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 368 (Ky. 2005). Defendant argues that the putting green was an "open and obvious" hazard, thus entitling Defendant to summary judgment.

Multiple Kentucky cases have considered similar facts. In *Horne*, the plaintiff was shopping for a new car at the defendant's car lot. While talking with a salesman, the plaintiff walked around a parked car and tripped over a parking barrier installed by the defendants. The defendant's argued that the barrier was "open and obvious" to anyone who looked down and,

---

than a few inches off the ground.

2

therefore, the plaintiff's claims should be barred. The Kentucky Supreme Court disagreed. *Id.* at 370. A car was parked at the barrier, partially blocking it from view. The court stated,

> We conclude from this analysis that the parking barrier on which Appellant tripped and fell was not "known or obvious to" Appellant. In fact, its presence was partially concealed from him by the manner in which [one of the defendant's] employee[s] had parked the Firebird. Even if that were not so, the facts of this case would fall within Restatement § 343A, comment f, because [the defendant] would expect that a customer in the process of examining its wares while they were being touted by one of its sales staff "may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it."

*Id.*

The Kentucky Court of Appeals came to a similar conclusion in *Wal-Mart Stores, Inc. v. Lawson*, 984 S.W.2d 485 (Ky. Ct. App. 1998). There, the plaintiff slipped on a wet piece of cardboard covered in soil that was placed in the middle of an aisle. Again, the defendant's argued that anyone looking down would have seen the hazard, thus effectively barring the plaintiff's claim. The court disagreed.

> We are not persuaded that *Bonn* requires us to conclude that a ten-foot by twenty-to-thirty-inch strip of black substance, located adjacent to plants in an aisle intended for use by customers, constituted such an open and obvious danger as to compel the granting of a directed verdict. Instead, there was merely a question of whether appellee negligently failed to exercise ordinary care to perceive the danger. This issue was properly presented to the jury by the court's instructions, and in fact the jury found that appellee was 25% at fault.

*Id.* at 489. Based on this analysis, the Kentucky Court of Appeals later stated,

> the obvious-risk rule does not bar a suit caused by a hazardous substance or object located on the floor of business premises that was not observed by the customer prior to an injury. In such a case, a jury question is raised as to whether the invitee, in exercising ordinary care for her own safety, should have seen the hazard."

*Jenkins v. PetSmart, Inc.*, No. 2001-CA-002256-MR, 2004 WL 360918, at *3 (Ky. Ct. App. Feb. 27, 2004).

3

This case is analogous to *Horne* and *Lawson*. Like the barrier in *Horne*, the putting green here was partially obstructed by the tables set up by Defendants and Plaintiff was distracted by merchandise. Even without the obstruction of the tables, *Lawson* clearly indicates that where a retail store places a hazard on the floor that the customer does not see because of distractions, the hazard is not, as a matter of law, "open and obvious."[2] Therefore, summary judgment for Defendants is improper. However, where the "open and obvious" doctrine does not apply to completely bar the plaintiff's claim, Kentucky courts allow the defendant to argue comparative fault to the jury. Assuming Defendants' are entitled to a comparative fault instruction based on the evidence presented at trial, the Court will give one.

The cases finding summary judgment based on the "open and obvious" doctrine cited by Defendants are factually distinct from this case. For example, in *Corbin Motor Lodge v. Combs*, 740 S.W.2d 944 (Ky. 1987), and *Ashcroft v. Peoples Liberty Bank & Trust Co., Inc.*, 724 S.W.2d 228 (Ky. Ct. App. 1986), the plaintiffs slipped outside the defendants' businesses as a result of a natural hazard that was as obvious to the plaintiffs as to the defendants. *Horne* held that such cases are different from, and governed by a different standard than, cases involving hazards inside the business premises caused by the owner. *Horne*, 170 S.W.3d at 368. In *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490 (Ky. Ct. App. 1999), and *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526 (Ky. 1969), the plaintiffs admitted that they were aware of the hazard causing them to fall. It was on that basis that the courts granted judgment for the defendants. Here, Plaintiff was not aware of the putting green, making *Johnson*

---

[2] The Kentucky Supreme Court elucidated some of the reasoning behind such a rule in *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003). "It is also common knowledge that modern merchandising techniques employed by self-service retail stores are specifically designed to attract a customer's attention to the merchandise on the shelves and, thus, away from any hazards that might be on the floor." *Id.* at 436.

4

and *Bonn* inapplicable.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is DENIED.

The is not a final and appealable order.

cc: Counsel of Record